UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NALCO COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| DAVID T. CHEN, | ) ) |
| Defendant. | ) ) ) |
| DAVID T. CHEN, | ) ) ) |
| Counter-Plaintiff, | ) ) |
| v. | ) ) |
| NALCO COMPANY and NALCO MOBOTEC, INC., | ) ) ) |
| Counter-Defendants. | ) ) ) |

Case No. 12 C 9931

Hon. Harry D. Leinenweber

**NALCO COMPANY'S MOTION FOR LEAVE TO COMMENCE
<u>EXECUTION OF JUDGMENT</u>**

Plaintiff Nalco Company ("Nalco"), by and through its attorneys, hereby moves for leave to commence execution on the judgment entered in its favor on June 4, 2014. In support of its motion, Nalco states as follows:

1. The Court entered judgment in favor of Nalco on June 4, 2014, in the amount of $2,044,592.27, plus interest at the rate of 9% (the "Nalco Judgment"). (Dkt. #61, 62.)

2. At the end of June, following the Court's judgment in favor of Nalco, Nalco filed and served citations to discover assets. (Dkt. #66-68.)

3. David Chen ("Chen") moved to quash Nalco's post-judgment proceedings on July 3, (Dkt. #69), and, on July 14, 2014, the Court ordered Nalco to "refrain from engaging in post judgment proceedings until further order of court." (Dkt. #73.)

4. Since the Nalco Judgment was entered, Chen has moved unsuccessfully for partial summary judgment on his counterclaims. Judgment was entered in favor of Nalco and against Chen on his counterclaims seeking money damages from Nalco on May 27, 2015. (Dkt. #120.) The only issue potentially remaining in this case may arise from a hypothetical, undeniably small, claim which the Court speculated might remain against Nalco Mobotec for NMEPT trademarks.

5. Enforcement of judgments in federal court is carried out pursuant to Federal Rule of Civil Procedure 69, which looks to state law procedure. Fed. R. Civ. P. 69(a).

6. Illinois Supreme Court Rule 304, like Federal Rule of Civil Procedure 54(b), permits courts to make an express finding that there is no just reason for delay when there is judgment on fewer than all claims in an action involving multiple parties or claims. Ill. S. Ct. R. 304; Fed. R. Civ. P. 54(b). *See also Geier v. Hamer Enterprises, Inc.*, 226 Ill. App. 3d 372, 378 (1992).

7. The finding that there is no just reason to delay enforcement of the Nalco Judgment is a matter well within the Court's discretion. *See Bastas v. Vicere*, 196 Ill. App. 3d 624, 628 (1990) ("The entry of a Rule 304(a) finding is discretionary[.]"). *See also Berdex Int'l,*

*Inc. v. Milfico Prepared Foods, Inc.*, 258 Ill. App. 3d 738, 741 (1994) (trial court acted within its discretion in granting Rule 304(a) findings on Plaintiff's summary judgment motion even though a related counterclaim was pending between the parties and the order was not final). In other words, the Court may deem it timely for Nalco to begin enforcement proceedings on the Nalco Judgment.

8. At this stage of the litigation, with judgment entered in favor of Nalco on its claim for money damages against Chen and judgment entered against Chen on his claims for money damages against Nalco, there is no just reason to delay collection on the Nalco Judgment. The Court granted Nalco summary judgment on each of Chen's counterclaims against Nalco, including all claims for money damages; therefore, there is no claim for money damages that could act as a setoff to the Nalco Judgment.

9. As noted above, the only issue potentially remaining in this case concerns Chen's speculation that there may be NMEPT trademarks that could have reverted to him personally had NMEPT been allowed to remain dormant rather than being placed into bankruptcy. Chen has not, however, identified any NMEPT trademarks which would fall into the hypothetical[1] and, even were he to do so, the outcome of any potential claim against Nalco Mobotec for turnover of trademarks would not affect the money judgment that Nalco obtained against Chen.

10. There is a real risk that Chen will dissipate his assets in this country while he litigates his theoretical claim for turnover of trademarks. If Nalco is allowed to commence enforcement proceedings, at the very least those institutions where Chen's funds are held will freeze those funds until it can be determined if they are amenable to collection. Nalco therefore respectfully requests that the Court allow it to commence enforcement proceedings against Chen on the Nalco Judgment.

---

[1] Nalco separately has moved for summary judgment on Chen's hypothetical trademark claim. (Dkt. # 123.)

WHEREFORE, for the foregoing reasons, Nalco respectfully requests the Court to allow it to commence execution on its judgment.

Respectfully submitted,

NALCO COMPANY

By: /s/ Lauren Jaffe
       One of Their Attorneys

Michael Dockterman (#3121675)
Lauren Jaffe (#6316795)
Steptoe & Johnson LLP
115 South LaSalle Street, Suite 3100
Chicago, IL 60603
Telephone: 312-577-1300
Facsimile: 312-577-1370
Email: mdockterman@steptoe.com
Email: ljaffe@steptoe.com

**CERTIFICATE OF SERVICE**

       I, Lauren Jaffe, an attorney, hereby certify that on October 13, 2015, I caused a true and correct copy of the foregoing **NALCO COMPANY'S MOTION FOR LEAVE TO COMMENCE EXECUTION OF JUDGMENT** be electronically filed with the Clerk of Court using CM/ECF, which will send electronic notification to the parties and registered attorneys of record that the document has been filed and is available for viewing and downloading.

                                            /s/   Lauren Jaffe

                                                 Lauren Jaffe